**The Office of**
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity and respect  •  www.ag.state.mn.us

May 11, 2026

*Via e-filing*

The Honorable Susan Richard Nelson
United States District Court
316 N. Robert Street
St. Paul, MN 55101

> **Re:**  ***United States of America v. State of Minnesota et al***,
> **0:26-cv-02456-SRN-DLM**

Your Honor:

I write concerning the scheduling of motion practice in this matter.

In this suit, the United States seeks to block the State of Minnesota's pending state-court lawsuit against four fossil fuel industry defendants (the "Climate Deception Suit").  The State will to move to dismiss this suit (the deadline to answer or otherwise plead is July 2).  The United States intends to move for a preliminary injunction.  The Parties disagree about the sequence in which these motions should be heard.

In the Climate Deception Suit, the State alleges that certain defendants violated Minnesota law by engaging in a campaign to deceive the public by hiding the climate dangers of petroleum products. The suit was filed in 2020.  After years of litigation in federal and state court on jurisdictional and substantive issues, the defendants' answers were filed on May 4, 2026, and the case will finally proceed into discovery.  Litigation will no doubt occupy several more years before any final judgment against the private defendants could be entered.

We acknowledge that one common approach is to hear competing motions to dismiss and for a preliminary injunction at the same time.  The Court should follow a different path in this case and resolve the motion to dismiss before entertaining a motion for a preliminary injunction for three reasons.

First, judicial economy is best served by ruling on the State's motion to dismiss before wading into evaluating the preliminary injunction factors from *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  The United States filed two similar suits in other states to block those state's suits against petroleum industry defendants on the grounds of preemption.  Both were dismissed. *United States v. Hawaii*, No. CV 25-00179 HG-WRP, 2026 WL 1021227 (D. Haw.

Apr. 15, 2026); *United States v. Michigan*, No. 1:25-CV-496, 2026 WL 194031 (W.D. Mich. Jan. 24, 2026).

Second, there is no pressing need to hear the preliminary injunction motion. The purpose of a preliminary injunction is to preserve the status quo and prevent harm that may occur *before* the case can proceed to a final judgment. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm *in the absence of preliminary relief . . . .*"). The Climate Deception Suit presents no imminent threat to anyone. The defendants only answered a week ago. A judgment is years away and will be appealed. There is *no* risk of harm that might arise in the time it will take the Court to resolve the State's motion to dismiss.

Third, the United States' six-year delay in requesting preliminary relief independently demonstrates that there is no imminent harm that would require hearing the merits of an injunction motion to be heard at this time. *Kohls v. Ellison*, No. 24-CV-3754 (LMP/DLM), 2025 WL 66765, at *7–8 (D. Minn. Jan. 10, 2025) (concluding 16-month delay in filing showed no immediate harm), *aff'd*, 166 F.4th 728 (8th Cir. 2026). "The purpose of interim equitable relief, where appropriate, is to balance the equities as the litigation moves forward, and the district court did not abuse its discretion in concluding that Franson's delay weighed definitively against her request." *Kohls v. Ellison*, 166 F.4th 728, 733–34 (8th Cir. 2026).

In sum, there is substantial doubt this suit can survive a motion to dismiss, and the Unites States can point to no imminent harm to be avoided while a motion to dismiss is litigated. There is significant additional briefing that would be needed on the *Dataphase* factors to litigate a preliminary injunction. That briefing becomes irrelevant if the State prevails on its motion to dismiss. Neither the Court nor the State should be burdened with such efforts in a suit so lacking in merit. We therefore request the Court schedule the State's motion to dismiss for hearing and stay proceedings on the Department of Justice's motion for a preliminary injunction. In the alternative, if the Court is inclined to hear the motion to dismiss and the preliminary injunction arguments simultaneously, the State requests the Court set a scheduling hearing to determine a briefing schedule (or order that the parties confer and provide a proposed briefing schedule) to ensure each motion receives due consideration.

Sincerely,

OLIVER J. LARSON
Assistant Attorney General