## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF MINNESOTA and KEITH ELLISON**, *in his official capacity as Minnesota Attorney General*, et al. <br><br> Defendants. | Case No. 26-CV-2456 (SRN/DLM) <br><br><br> **ORDER** |

Daniel N. Rosen, United States Attorney's Office, 600 U.S. Courthouse, 300 S. 4th St., Minneapolis, MN 55415; Ian Swenson and John Kenneth Adams, DOJ-Environmental and Natural Resources Division, 950 Pennsylvania Ave. N.W., Washington, DC 20530, for Plaintiff

Oliver J. Larson, Catherine Rios-Keating, Peter N. Surdo, and Ryan Edward Pesch, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 1400, Saint Paul, MN 55105, for Defendants

_____

Before the Court is the Motion to Appear as Amicus Curiae in Support of the United States of America [Doc. No. 33] and proposed brief [Doc. No. 33-1] filed by attorney Matthew D. Hardin, representing a nonprofit organization known as Government Accountability & Oversight.[1]  For the reasons set forth below, Government Accountability

---

[1] Government Accountability & Oversight is unrelated to the U.S. Government Accountability Office.  Mr. Hardin describes his client as "a nonprofit organization incorporated under the laws of Wyoming and dedicated to transparency in government and the proper role of the federal judiciary."  (Gov't Accountability & Oversight Proposed Amicus Brief at 3.)

& Oversight's Motion is denied.

## I.    BACKGROUND

Plaintiff, the United States, filed this action against Defendants, the State of Minnesota and Minnesota Attorney General Keith Ellison, on May 4, 2026, requesting that this Court declare a Minnesota state court lawsuit, *Minnesota v. American Petroleum Institute*, No. 62-cv-20-3837 (Minn. Dist. Ct.) (the "state court lawsuit"), unconstitutional and unlawful under 28 U.S.C. § 2201.  On May 11, 2026, Plaintiff also filed a Motion for a Preliminary Injunction [Doc. No. 9], in which it seeks to enjoin Defendants from prosecuting or pursuing the state court lawsuit while the instant matter is pending.  It requested expedited handling of the Motion for a Preliminary Injunction.  (Pl.'s Mot. Prelim. Inj. at 1.)

Seven days later, on May 18, 2026, the States of Alabama, Alaska, Arkansas, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, West Virginia, and Wyoming moved for leave to file an amicus curiae brief in support of Plaintiff.  (Mot. for Leave to File as Amicus Curiae [Doc. No. 19].)  They submitted their proposed brief [Doc. No. 20] along with their motion.  On May 21, 2026, the Court granted their Motion for Leave to File [Doc. No. 24].

On May 29, 2026, Defendants filed a Motion to Dismiss [Doc. No. 25], which remains pending.

A hearing on Plaintiff's Motion for a Preliminary Injunction and Defendants' Motion to Dismiss is scheduled for July 21, 2026.  (Briefing Order [Doc. No. 18] at 2.)

Responsive briefs to both pending motions are due on or before June 18, 2026. (*Id.*)

On June 8, 2026, Government Accountability & Oversight filed the instant motion. Defendants filed a letter the following day, expressing concerns about a number of requests they have received for consent from outside parties to participate as amici in support of Plaintiff in this matter. (Defs.' Letter [Doc. No. 36] at 1.) While reserving any substantive objections once the proposed amici are identified and their proposed submissions are filed, at this time, Defendants broadly object to the consideration of any further amicus curiae participation. (*Id.*) They contend that such requests are untimely. In addition, as to the instant motion, Defendants do not believe that Government Accountability & Oversight's Motion to Appear provides useful assistance to the Court. (*Id.* at 2.) If the Court entertains additional amicus requests, Defendants ask that the Court set a deadline of no later than June 10, 2026 at 5:00 p.m. for the filing of such motions, proposed amicus briefs, and supporting materials, subject to a 4,000-word briefing limit. (*Id.* at 1–2.)

In response, Plaintiff contends that "[t]his case has generated significant public interest" and it requests that the Court allow amici to participate until one week before the parties' response briefs are due on June 18, 2026, subject to a 4,000-word briefing limit "going forward." (Pl.'s Letter [Doc. No. 38] at 1.)

## II.   DISCUSSION

In federal district court, there is no formal rule governing the standard by which to evaluate a motion requesting leave to file an amicus curiae brief, likely because such motions are "not typical" in district court. *R.D. Offutt Farms Co. v. White Earth Div. of Nat. Resources*, No. 24-cv-1600 (JMB/LIB) (D. Minn. Nov. 22, 2024) [Doc. No. 41 at 1].

District courts have viewed Federal Rule of Appellate Procedure 29 as persuasive authority when considering whether to grant leave to file an amicus brief. *See, e.g., Hualapai Indian Tribe v. Haaland*, No. CV-24-08154-PCT-DJH, 2024 WL 4475094, at *1 (D. Ariz. Oct. 11, 2024); *Friends of Animals v. United States Fish & Wildlife Serv.*, No. 4:18-cv-00053-DN-PK, 2021 WL 4440347, at *2 (D. Utah Sept. 28, 2021); *Texas v. United States*, No. 6:21-cv-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021). Under Federal Rule of Appellate Procedure 29, a motion to participate as amicus curiae must identify "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(A)–(B). In addition, Rule 29 requires an amicus curiae to file its brief, accompanied by a motion for filing when necessary, "no later than 7 days after the principal brief of the party being supported is filed," or, if the amicus curiae does not support either party, "no later than 7 days after the appellant's or petitioner's principal brief is filed." Fed. R. App. P. 29(a)(6).

"A determination on a request to participate as amicus curiae is discretionary, and 'the court . . . may grant or refuse leave according[ly] as it deems the proffered information timely, useful, or otherwise.'" *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. 2018) (quoting *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014)); *see also Ctr. for Biological Diversity v. United States Env't Prot. Agency*, No. CV-20-00555-TUC-DCB, 2023 WL 4542990, at *1 (D. Ariz. June 27, 2023) (noting district court's "broad discretion to grant or refuse prospective amicus participation" depending on whether the proffered information is timely or useful).

Exercising their discretion, district courts have denied amicus participation for a variety of reasons, such as when the proposed amicus filings were untimely, *see, e.g., Hualapai Indian Tribe*, 2024 WL 4475094, at *2; *Friends of Animals*, 2021 WL 4440347, at *2; *Texas*, 2021 WL 2172837, at *2, unhelpful, *see Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997), or repetitive of arguments already brought to the Court's attention. *Consumer Fin. Prot. Bureau v. TCF Nat'l Bank*, No. 17-CV-166 (RHK/DTS), 2017 WL 6187462, at *1 (D. Minn. Apr. 26, 2017); *Bishop v. Jesson*, No. 14-CV-1898 (ADM/SER), 2016 WL 8674584, at *19 (D. Minn. Feb. 12, 2016), *report & recommendation adopted*, 2016 WL 906422 (D. Minn. Mar. 9, 2016). Conversely, district courts have granted amicus participation when the following conditions are present: (1) the petitioner has a special interest in a particular case; (2) that interest is not competently represented or not represented at all; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case. *Tatel v. Mt. Lebanon School Dist.*, No. 22-cv-837, 2024 WL 980070, at *1 (W.D. Pa. Mar. 7, 2024) (citing *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)).

In this case, the Court has already permitted the collective amicus participation of 23 states. (May 21, 2026 Order.) Notably, their motion was timely filed within seven days of Plaintiff's Motion for a Preliminary Injunction. *See* Fed. R. App. P. 29(a)(6). The instant Motion to Appear as Amicus Curiae, filed by Government Accountability & Oversight, was filed almost one month after Plaintiff's pending Motion for a Preliminary Injunction. It is untimely. While the Court appreciates the parties' willingness to consider word limitations and short filing deadlines if amicus participation is granted, Plaintiff seeks

5

relief on an expedited basis.  The instant motion simply comes too late, and, importantly, the parties are well-represented by talented legal counsel.  Furthermore, the Court already has the benefit of the amicus brief timely and collectively filed by 23 states.  Additional amicus participation is therefore both untimely and unnecessary.

## III.    ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Motion to Appear as Amicus Curiae in Support of the United States of America [Doc. No. 33] is **DENIED**.


Dated:  June 10, 2026                                          s/Susan Richard Nelson
                                                                            Susan Richard Nelson
                                                                            United States District Judge