UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.                                      Civil Action No. 26-2456

STATE OF MINNESOTA, *et al.,*

     *Defendants.*

**MOTION
OF GOVERNMENT ACCOUNTABILITY & OVERSIGHT
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Government Accountability & Oversight ("GAO") respectfully renews its earlier Motion before this Court for leave to file the accompanying brief as *amicus curiae* in support of Plaintiff United States of America. Plaintiff previously consented to the filing of this brief. Defendants indicated at ECF No. 36 that they would leave the matter to the sound discretion of the Court. The Court previously denied leave to file the brief, ECF No. 39, but did so in the context of the pending Motion for a Preliminary Injunction and because the Court's view was that the proposed amicus was untimely in supporting Plaintiff on that issue.

For the reasons set forth below, GAO respectfully submits that its proposed brief will materially assist the Court and that leave should be granted to file it. GAO recognizes that the Court earlier indicated that its amicus brief would not be accepted for reasons of timeliness, *id*. at 4, citing authority for the proposition that amicus briefs should ordinarily be filed "no later than 7

1

days after the principal brief of the party being supported is filed." *See also* Fed. R. App. P. 29(a)(3). However, the brief at issue does not bear upon the pending motion for a preliminary injunction. Instead, it bears upon the merits of this case and the legitimate federal interests at play. The United States' principal brief on the merits in this case was filed June 18, 2026; this motion is therefore being lodged 7 days later on June 25, 2026.

In the United States' brief on the merits, the federal government referred to the fact that Minnesota previously sought the assistance of the United States as an amicus in its own climate litigation. ECF No. 40 at 45, n. 5. That is a topic that is central to the proposed amicus brief. ECF No. 33-1 at 9, 24. Defendant Minnesota now claims an "about-face" by the federal government after a change of administrations undercuts its position on preemption. ECF No. 41 at 25. But Minnesota omits what public records show: that the federal government's previously asserted position followed quiet lobbying by the State and its partners in Washington, D.C. asking the former Solicitor General of the United States to "take a position supporting the States in their pending cases."[1] Despite that lobbying effort, the federal government notably declined Minnesota, *et al*.'s request to file an amicus brief, and Minnesota's attempt to bring the federal government to its aid itself shows the state has always recognized a profound federal interest in its litigation. It is thus quite natural for the court to accept the proposed amicus brief, which develops much more thoroughly a subject that was touched upon by the United States only in passing.

**INTRODUCTION**

This case presents questions of exceptional public importance. The United States has brought an affirmative federal action alleging that Minnesota's climate lawsuit invades a domain

---

[1] Letter from Karl Racine and Keith Ellison to Elizabeth Prelogar, dated June 22, 2021, available at: https://climatelitigationwatch.org/at-least-they-tried/ (last visited June 3, 2026), cited at ECF No. 33-1 at 5.

reserved to federal law. The outcome will affect the boundaries of federal and state jurisdiction over a nationwide campaign of climate-related litigation brought by state and local governments against energy producers. This Court's resolution of these questions will have consequences far beyond the parties before it.

GAO possesses unique information bearing directly on these questions. Through years of public-records litigation and Freedom of Information Act requests, GAO and allied requesters have obtained documents that are not in the possession of either party and that illuminate the origins, financing, coordination, and objectives of the broader litigation campaign of which Minnesota's lawsuit is a component. That includes information which, as noted above, shows that Minnesota recognized the national nature of its state-court climate litigation and sought the assistance of the federal government before changing tack to argue that the federal government has no legitimate interest at all in its purely local litigation. No party to this action has access to the full body of records that GAO has assembled, and no party is in a position to present the perspective that GAO offers.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly address *amicus curiae* participation at the district-court level. Courts in this Circuit and elsewhere have recognized, however, that district courts possess inherent authority to permit *amicus* filings in their discretion. As then-Judge Alito explained, courts should "err on the side of granting leave" to file amicus briefs, because rejecting a meritorious submission deprives the court "of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132–33 (3d Cir. 2002) (Alito, J.). A restrictive policy risks creating "the perception of viewpoint discrimination," because "[u]nless a court follows a policy of either granting or denying motions for leave to file in virtually

3

all cases, instances of seemingly disparate treatment are predictable." *Id.* at 133. Courts generally consider whether the proposed *amicus* has a special interest in the subject matter of the litigation, whether the brief will assist the Court by presenting relevant information or argument not adequately addressed by the parties, and whether the filing will not unduly prejudice any party or delay the proceedings. *See, e.g., Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

An *amicus curiae* brief "that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court." Fed. R. App. P. 29 advisory committee's note (1998). District courts routinely look to Rule 29 for guidance, and courts regularly grant leave where the proposed *amicus* offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136–37 (D.D.C. 2008).

This motion is being filed seven days after the brief of the party it supports, the United States. It is thus timely within the meaning of Fed. R. App. P. 29(a)(3).

## ARGUMENT

### A. GAO Has a Substantial Interest in This Litigation.

GAO is a nonprofit organization incorporated under the laws of Wyoming and dedicated to transparency in government and the proper role of the federal judiciary. GAO has spent years investigating the coordinated climate-litigation campaign through public-records requests, Freedom of Information Act and state-level records litigation, and analysis of publicly available tax filings, court records, and other documents. GAO's interest is not financial. It has no stake in the outcome of Minnesota's underlying claims against the energy-company defendants. Its interest is in ensuring that this Court has access to factual information bearing on the jurisdictional and structural-constitutional questions that the United States has raised.

GAO's interest is precisely the kind of institutional concern that *amicus* participation is designed to serve. Where a nonparty has devoted substantial resources to investigating a matter of public concern and possesses relevant information not otherwise before the Court, its participation advances the interests of justice. *See Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) ("the classic role of amicus curiae [is to] assist[ the court] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.").

### B. GAO's Brief Presents Information and Perspective Not Available from the Parties.

The proposed brief draws on public records that GAO has assembled over several years, and the picture they paint is striking. These records show, among other things, that:

1. Before its present about-face, arguing before this Court that the United States has no valid interest in its climate litigation, Minnesota previously sought the assistance of the federal government in the matter, as documented in a letter obtained under the federal Freedom of Information Act showing the State lobbied the government to "take a position supporting the States in their pending cases, including participating by July 26, 2021 as amicus curiae in the State of Minnesota's case."[2] Minnesota now points to this erstwhile supportive position as determinative and presumably organic without noting it was the product of lobbying by Minnesota and other litigants with which the State coordinated. Notably, the prior administration declined the request to file an amicus brief on behalf of the federal government supporting Minnesota.

2. The national climate litigation campaign in which Minnesota plays a key role originated at a 2012 strategy meeting where an advisor asked how to "bring selected carbon majors to the table," and posed the question "then what?" The answer, in broad strokes, was a coordinated

---

[2] See n. 1, *supra*.

campaign of state court litigation, conducted nationwide, which coordination is set forth in detail by records possessed by GAO.

3. Out-of-state funders supplied litigation theories and sample pleadings to a Minnesota advocacy group for the purpose of having that group persuade and assist Attorney General Ellison in filing this suit, and which group's director wrote that "the politics of the day will give [Ellison] cover" for filing suit but that at first he "only accepted a modest amount of money because I don't want to launch any big effort unless [Ellison] wants to do it." ECF No. 33-1 at 19. Records show that the memorandum urging Attorney General Ellison to sue was quietly paid for with a funding trail that was intentionally structured to obscure the out-of-state origins of this litigation. Records also show the memorandum was improperly presented on University of Minnesota Law School letterhead as official University scholarship despite also being substantially ghost-written by those outside advocates retained by the outside funder and chief orchestrator of the litigation campaign. *Id.*

4. Illustrating the national nature of ostensibly local climate suits, Minnesota and the District of Columbia filed parallel climate complaints within twenty-four hours of each other, then executed coordination agreements and jointly lobbied the federal Department of Justice to "take a position supporting" their complaints. Their civil suits contain verbatim allegations including inapposite artifacts from one jurisdiction in another jurisdiction's suit, despite that the suits are ostensibly local in nature. ECF No. 33-1 at 23.

5. The "climate" litigation campaign's own lawyers described suits like this one as "an indirect carbon tax," and a "rather convoluted way to achieve the goals of a carbon tax" that Congress has declined to enact while other principals called the goal a "sustainable funding stream" and "new streams of revenue" for government spending. ECF No. 33-1 at 26.

No party to this action has compiled this record, and no party is in a position to present it comprehensively. The United States, as Plaintiff, brings affirmative federal claims but does not possess the full body of state-level public records that GAO has compiled. Minnesota, as Defendant, has an interest in characterizing its lawsuit as a purely local matter and has actively resisted disclosure of many of these records. Indeed, the District of Columbia Attorney General appeared as an amicus in Minnesota state court proceedings specifically to prevent release of records reflecting coordination between the two jurisdictions. *Energy Policy Advocates v. Ellison*, 980 N.W.2d 146 (Minn. 2022).

GAO's brief presents this material in a form that neither party would have reason or incentive to present. It documents the chronological development of the national climate-litigation campaign by government, sought by outside lobbies. It details the recruitment and behind-the-curtain staffing of, and research and writing for, Minnesota officials and institutions by out-of-state funders and lawyers. It identifies admissions of the campaign's stated objectives: revenue extraction, policy leverage, and pressure on energy companies to agree to payouts and alter their position opposing policies that to date have failed to emerge through the political process. The aim is to attain these policy changes through vexatious multi-jurisdictional litigation. And the brief describes the third-party financing arrangements that support the coordinated governmental litigation campaign. This information bears directly on the central jurisdictional question: whether Minnesota's lawsuit is an isolated local dispute or a component of a coordinated national campaign that belongs in federal court.

## CONCLUSION

For the foregoing reasons, Government Accountability & Oversight respectfully renews its requests that this Court grant leave to file the brief lodged at ECF No. 33-1 as *amicus curiae* in support of Plaintiff.

Respectfully submitted,

Matthew D. Hardin
Matthew D. Hardin, MN. Bar No. 0397178
Hardin Law Office
101 Rainbow Drive, PMB 11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: matt@matthewhardin.com

*Counsel for Amicus Curiae*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        *Plaintiff,*

Civil Action No. 26-2456

v.

STATE OF MINNESOTA, *et al.*,
        *Defendants.*

### [PROPOSED] ORDER
### GRANTING LEAVE TO FILE
### BRIEF OF *AMICUS CURIAE*

Upon consideration of the Motion of Government Accountability & Oversight for Leave to File Brief as *Amicus Curiae* in Support of Plaintiff, and for good cause shown, it is hereby

**ORDERED** that the Motion is GRANTED. The Clerk of Court is directed to accept for filing the Brief of *Amicus Curiae* Government Accountability & Oversight in Support of Plaintiff which is lodged at ECF No. 33-1.

Dated: _____

 

_____
United States District Judge