**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF MINNESOTA and KEITH ELLISON**, *in his official capacity as Minnesota Attorney General*, et al. <br><br> Defendants. | Case No. 26-CV-2456 (SRN/DLM) <br><br><br> **ORDER** |

Daniel N. Rosen, United States Attorney's Office, 600 U.S. Courthouse, 300 S. 4th St., Minneapolis, MN 55415; Ian Swenson and John Kenneth Adams, DOJ-Environmental and Natural Resources Division, 950 Pennsylvania Ave. N.W., Washington, DC 20530, for Plaintiff

Oliver J. Larson, Catherine Rios-Keating, Peter N. Surdo, and Ryan Edward Pesch, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 1400, Saint Paul, MN 55105, for Defendants

_____

Before the Court is the Second Motion to Appear as Amicus Curiae in Support of the United States of America [Doc. No. 45] filed by attorney Matthew D. Hardin, representing a nonprofit organization known as Government Accountability & Oversight.[1]

On June 8, 2026, Government Accountability & Oversight previously moved to

---

[1] Government Accountability & Oversight is unrelated to the U.S. Government Accountability Office. Mr. Hardin describes his client as "a nonprofit organization incorporated under the laws of Wyoming and dedicated to transparency in government and the proper role of the federal judiciary." (Gov't Accountability & Oversight Proposed Amicus Brief [Doc. No. 33-1] at 3.)

appear as amicus curiae in this matter [Doc. No. 33]. In the Court's June 10, 2026 Order denying the Motion to Appear, the Court noted that no formal rule governs the standard by which to evaluate a motion requesting leave to file an amicus curiae brief. *R.D. Offutt Farms Co. v. White Earth Div. of Nat. Resources*, No. 24-cv-1600 (JMB/LIB) (D. Minn. Nov. 22, 2024) [Doc. No. 41 at 1]. However, district courts have viewed Federal Rule of Appellate Procedure 29 as persuasive authority when considering whether to grant such leave. *See, e.g., Hualapai Indian Tribe v. Haaland*, No. CV-24-08154-PCT-DJH, 2024 WL 4475094, at *1 (D. Ariz. Oct. 11, 2024); *Friends of Animals v. United States Fish & Wildlife Serv.*, No. 4:18-cv-00053-DN-PK, 2021 WL 4440347, at *2 (D. Utah Sept. 28, 2021); *Texas v. United States*, No. 6:21-cv-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021). Federal Rule of Appellate Procedure 29 requires an amicus curiae to file its brief, accompanied by a motion for filing when necessary, "no later than 7 days after the principal brief of the party being supported is filed," or, if the amicus curiae does not support either party, "no later than 7 days after the appellant's or petitioner's principal brief is filed." Fed. R. App. P. 29(a)(6).

"A determination on a request to participate as amicus curiae is discretionary, and 'the court . . . may grant or refuse leave according[ly] as it deems the proffered information timely, useful, or otherwise.'" *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. 2018) (quoting *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014)).

In the June 10, 2026 Order, the Court noted that it had already permitted the collective amicus participation of 23 states in its May 21, 2026 Order [Doc. No. 24].

2

Notably, the 23 states' motion was timely filed within seven days of Plaintiff's Motion for a Preliminary Injunction. *See* Fed. R. App. P. 29(a)(6). However, because Government Accountability & Oversight's initial Motion to Appear was filed almost one month after Plaintiff's pending Motion for a Preliminary Injunction [Doc. No. 9], the Court found it was untimely. (June 10, 2026 Order at 5–6.) Moreover, the Court noted that the parties were well-represented by talented legal counsel, and the Court already had the benefit of the amicus brief that was timely and collectively filed by 23 states. (*Id.* at 6.) Thus, the Court found that additional amicus participation was both untimely and unnecessary. (*Id.*)

In its Second Motion to Appear, Government Accountability & Oversight argues that its proposed amicus brief does not bear on the pending Motion for a Preliminary Injunction, but on the United States' Memorandum in Opposition to Defendants' Motion to Dismiss, filed on June 18, 2026. (Second Mot. to Appear at 1–2.) It argues that its Second Motion to Appear is therefore timely, as it seeks leave to appear within seven days of the filing of the United States' opposition brief.

The Court disagrees. The issues presented in Plaintiff's Motion for a Preliminary Injunction and its Memorandum in Opposition to Defendants' Motion to Dismiss are overlapping, if not identical. (*Compare* Table of Contents, Pl.'s Mem. Supp. Mot. for Prelim. Injunction [Doc. No. 11], *with* Table of Contents, Pl.'s Opp'n Mem. [Doc. No. 40].) The Court also notes that Government Accountability & Oversight does not submit a *different* amicus brief that is purportedly tied to the subsequent filing by the United States in opposition to Defendants' Motion to Dismiss—it relies on the proposed amicus brief it previously submitted. In short, nothing has changed. Nor has this Court's ruling, as

3

Government Accountability & Oversight's proposed amicus brief remains untimely.

Moreover, the Court continues to find that the United States' interests are well-represented by its own counsel and by the collective amicus brief that was filed on a timely basis by 23 states. Thus, Government Accountability & Oversight's amicus participation remains unnecessary. In its discretion, the Court therefore declines to consider additional amicus participation.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Second Motion to Appear as Amicus Curiae in Support of the United States of America [Doc. No. 45] is **DENIED**.


Dated:  June 26, 2026                    s/Susan Richard Nelson
                                         Susan Richard Nelson
                                         United States District Judge