**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 26-cv-02456-SRN-DLM |
| STATE OF MINNESOTA and | ) | |
| KEITH ELLISON, in his official capacity | ) | |
| as Minnesota Attorney General | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

_____

**THE UNITED STATES' MOTION FOR LEAVE TO FILE REBUTTAL
DECLARATION OF U.S. DEPUTY SECRETARY OF STATE**

The United States respectfully seeks leave to submit a rebuttal declaration along with its reply brief. Mindful that affidavits ordinarily "must be served with the motion," Fed. R. Civ. P. 6(c)(2); Local Rule 7.1(c)(1)(D), the United States nonetheless moves for leave to file the enclosed rebuttal declaration by United States Deputy Secretary of State Christopher Landau for the limited purpose of addressing assertions on current foreign policy that appear in Minnesota's declarations, *see* Declaration of Todd Stern, Dkt. 43; Declaration of Jacob Sullivan, Dkt. 44, and raising new information since the United States filed its motion for a preliminary injunction on May 11, 2026.

"The Court may grant a motion to supplement the record at its discretion, as part of its inherent power to manage its own docket." *Hutchinson Tech. Inc. v. Suncall Corp.*, 2023 WL 9064897, at *2 (D. Minn. Dec. 14, 2023) (Nelson, J.). Parties may supplement the record upon "good cause shown." *Id.*; *All. for Retired Ams. v. Bessent*, 2025 WL 1744617, at *1–2 (D.D.C. Feb. 11, 2025) (allowing supplemental declarations to support motion for preliminary injunction). This Court should grant the motion because good cause exists here.

First, it would be unreasonable to allow individuals with no personal knowledge of current United States' foreign policy to have the last word on that subject. *See Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 414 (2003) (Executive Branch decides foreign policy); *Sale v. Haitian Centers Council, Inc.*, 509 U.S. 155, 188 (1993) (The President has "unique responsibility" for the conduct of "foreign and military affairs."). Relatedly, courts defer to federal officials on matters of foreign policy. *See, e.g.*, *Garamendi*, 539 U.S. at 421–22 (relying on statements from persons in "high levels of the Executive Branch" to discern "evidence" that state law was in "conflict" with foreign policy interests); *Holder v. Humanitarian L. Project*, 561 U.S. 1, 33–34 (2010) (reasoning that "respect for the Government's conclusions" in a State Department official's affidavit was "appropriate"); *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 348 (2005) (observing "customary policy" to accord "deference to the President in matters

of foreign affairs"); *Regan v. Wald*, 468 U.S. 222, 243 (1984) (recognizing "traditional deference to executive judgment" in foreign policy when relying upon declaration submitted by State Department). Preventing the Deputy Secretary of State from correcting or clarifying issues raised in the foreign-policy declarations submitted by Minnesota would be antithetical to the deference courts accord to the Executive Branch in this area of exclusive federal responsibility.

Second, the rebuttal declaration is offered to prevent Minnesota from muddying the waters of current U.S. foreign policy positions through statements of private citizens. A declarant's evidentiary statements must generally be based on "personal knowledge." Fed. R. Evid. 602; *cf.* Fed. R. Civ. P. 56(c)(4). Although strict summary-judgment requirements are relaxed at the preliminary-injunction stage, "personal knowledge" still bears on "how much weight an affidavit [or declaration] will be given." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (3d ed. 2026). Here, the declarants offered by Minnesota cannot claim *any* personal knowledge of current federal policy positions, because only current officials are responsible for formulating and communicating current policy for U.S. foreign affairs. The Executive Branch could not "speak for the Nation with one voice in dealing with other governments," *Garamendi*, 539 U.S. at 424, if the voices of prior administrations are credited over current ones. Because Minnesota's declarants have no formal authority to present foreign policy, their views warrant little weight.

Third, the rebuttal declaration is offered in response to foreign-policy declarations that could be read in a way that misconstrues the United States' foreign policy. For example, while Mr. Stern describes the United Nations Framework Convention on Climate Change as "state-centric," Stern Dec. ¶ 16, the Deputy Secretary of State clarifies that "[f]oreign diplomacy, whether involving climate change or other global issues, regularly concerns commercial actors," Landau Rebuttal Dec. ¶ 4; *accord Garamendi*, 539 U.S. at 416 (rejecting distinction that "corporations" do not matter in foreign affairs because, [w]hile a sharp line between public and private acts works for many purposes in the domestic law, insisting on the same line in defining the legitimate scope of the Executive's international negotiations would hamstring the President in settling international controversies"). Providing a more accurate and complete record, including necessary context about climate change diplomacy, is especially important considering the irreparable harm at issue here.

Fourth, the rebuttal declaration provides this Court with new information unavailable at the time the United States moved for a preliminary injunction on May 11, 2026. *See, e.g.*, *id.* ¶¶ 7–8 (describing events on May 17 and June 25 regarding "the importance of U.S. corporations in the context of U.S. foreign policy and diplomacy, including climate policy and diplomacy").

Finally, Minnesota will suffer no undue prejudice. Minnesota, which can

4

respond at oral argument, has no competence in foreign policy and cannot reasonably complain about a rebuttal declaration from a senior official in the Executive Branch offered in response to declarations submitted by individuals who have no personal knowledge of the United States' current foreign policy.

Accordingly, the Court should grant this motion.

Dated: June 29, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

STANLEY E. WOODWARD JR.
United States Associate Attorney General

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

ROBERT N. STANDER
Deputy Assistant Attorney General
Environment and Natural Resources Division

s/ John Adams
JOHN K. ADAMS
Deputy Associate Attorney General
MICHAEL WEISBUCH
Senior Counsel
Office of the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Telephone: 202-514-9500
Email: John.Adams3@usdoj.gov

IAN M. SWENSON
Counsel
Environment and Natural Resources Division
950 Pennsylvania Ave., NW
U.S. Department of Justice
Washington, D.C. 20530

5