## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF MINNESOTA and KEITH ELLISON, in his official capacity as Minnesota Attorney General,<br><br>*Defendants*. | No. 26-cv-02456 (SRN-DLM)<br><br>**STATE OF MINNESOTA'S RESPONSE THE UNITED STATES' MOTION FOR LEAVE TO FILE REBUTTAL DECLARATION** |

The United States has sought leave to file a supplemental declaration from Department of State Deputy Secretary Christopher Landau. [Dkt. 50.] For the reasons set forth below, the State does not object to the Court's receipt of the declaration, but does request an opportunity to respond if the hearing reveals the need for additional submissions.

The State notes that a motion is generally not required to file a declaration on reply – if it is narrowly designed to reply to the response submissions. *See, e.g., Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002). However, courts will not allow reply declarations that unfairly spring new evidence on an opponent, particularly where that evidence was available to the submitting party at the time of its initial submissions. *Id.*; *see also, e.g., Omega Cable & Comm., Inc. v. Time Warner, Inc.*, No. 5:05CV1780, 2008 WL 163613, at *1 (N.D. Ohio Jan. 16, 2008).

The bulk of the supplemental declaration consists of facts and evidence that were available to Mr. Landau when he tendered his original declaration. And the few topics that

1

were not previously available – for example "concerns" raised by the Secretary of Energy about European regulation of methane on June 25 – constitute tangential, minor, or unhelpful material.  (*See* Dkt. 50 (Supplemental Declaration) at ¶ 7.)

. The original Landau declaration was short on any actual facts supporting Mr. Landau's conclusory assertions of impacts on foreign policy. But the United States should have anticipated a fact dispute; after all, it was the United States that introduced the very concept of foreign policy its motion papers. To the extent these new facts are now being supplied to shore up an otherwise-deficient declaration, the supplement amounts to improper backfilling.

Nonetheless, after review, the State confirms that nothing in the supplemental reply declaration weighs significantly in favor of the United States' motion for a preliminary injunction.  The State also believes that its existing declarations are sufficiently responsive to the issues raised (assuming the Court does not accept the United States' curious argument (Dkt. 50 at p. 2) that the only people who could possibly know anything relevant about foreign diplomacy are members of the current administration).

As a result, the State does not object to the Court receiving the declaration. The State requests that if the hearing reveals a need for an attested response on any issue raised by the supplemental declaration, that the State be allowed to timely submit such material.

Dated: July 1, 2026

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ Oliver J. Larson
OLIVER J. LARSON
Assistant Attorney General
Attorney Reg. No. 0392946

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1265 (Voice)
(651) 297-4139 (Fax)
oliver.larson@ag.state.mn.us

ATTORNEY FOR DEFENDANTS