The Office of
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

September 10, 2026

*Via e-filing*

The Honorable Susan Richard Nelson
United States District Court
316 N. Robert Street
St. Paul, MN 55101

**Re: Notice of Supplemental Authority in *United States of America v. State of Minnesota et al*, No. 0:26-cv-02456-SRN-DLM**

Dear Judge Nelson:

Minnesota respectfully responds to the United States' Notice of Supplemental Authority dated September 2, 2026 regarding *State of West Virgina, et al. v. Letitia James, et al.*, No. 1:25-cv-00168, and *Chamber of Commerce of the United States of America, et al. v. Letitia James, et al.*, No. 1:25-cv-01307, 2026 WL 2568355 (N.D.N.Y. Aug. 31, 2026) (hereinafter *West Virginia*). The decision has no bearing on Minnesota's state-court lawsuit because *West Virginia* applied Second Circuit precedent that—as Minnesota has already explained—is irrelevant to Minnesota's deception-based claims.

The *West Virginia* court confronted a New York statute directing fossil fuel companies to pay for climate harms based on the amount of fossil fuel they extracted or refined between 2000 and 2024. The court concluded that the statute was indistinguishable from the claims in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), which the Second Circuit found preempted because they would "effectively impose strict liability" for companies' "admittedly legal commercial conduct" in extracting and selling fossil fuels, *id.* at 86, 93. Minnesota's deception-based claims, by contrast, are readily distinguishable. *See* Defs.' Opp. to Pls.' Mot. for Preliminary Injunction ("PI Opp."), ECF No. 41 at 21–23. As Minnesota has explained, its state-court lawsuit resides in an area of traditional state authority: protecting consumers from fraud and deceptive marketing. And unlike the statute in *West Virginia* and the claims in *City of New York* that would hold fossil fuel producers strictly liable for harms caused by greenhouse gas emissions, to avoid liability in Minnesota's case, fossil fuel companies do not need to alter fossil fuel practices. They need only tell consumers the truth.

The Office of
Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

The preemption holdings in *West Virginia* all flowed from the court's conclusion that New York's law was functionally identical to the claims invalidated in *City of New York*. *West Virginia*, at 54, 55. Here, multiple courts (including this one via Judge Tunheim) have already rejected attempts to mischaracterize Minnesota's state-court claims as seeking liability for emissions. PI Opp. at 21. Thus, to the extent *West Virginia* concluded that New York's legislation intruded on the field of foreign affairs by regulating foreign emissions by foreign producers, *West Virginia* at 59–62, that analysis does not apply to Minnesota's state-court lawsuit, which seeks to impose liability only for injuries in Minnesota, and which also names only U.S. companies doing business in Minnesota.

Respectfully submitted,

/s/ *Ryan Pesch*
RYAN PESCH
Special Assistant Attorney General

445 Minnesota Street, Suite 1400, St. Paul, MN 55101-2131
Office: (651) 296-3353 • Toll Free: (800) 657-3787 • Minnesota Relay: (800) 627-3529
An Equal Opportunity Employer Who Values Diversity • Printed on 30% Post-Consumer Material Paper