The Office of
Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

October 5, 2026

*Via Electronic Case Filing*

The Honorable Susan Richard Nelson
United States District Court
316 N. Robert Street
St. Paul, MN 55101

**Re: Notice of Supplemental Authority in *United States of America v. State of Minnesota et al,* No. 0:26-cv-02456-SRN-DLM**

Dear Judge Nelson:

Minnesota respectfully responds to the United States' Notice of Supplemental Authority dated September 30, 2026. Neither of the decisions identified by the United States in its notice support its positions here, because neither is relevant to Minnesota's state-court lawsuit alleging deceptive marketing and consumer protection claims.

First, the decision in *United States, et al. v. New York, et al.*, No. 1:25-cv-03656, Dkt. 117 (S.D.N.Y. Sept. 22, 2026) (U.S. Ex. A), has no bearing on Minnesota's state-court lawsuit because it applied Second Circuit precedent that—as Minnesota has already explained—is irrelevant to Minnesota's State Action. As Minnesota pointed out when the United States apprised the Court of *State of West Virgina, et al. v. Letitia James, et al.*, No. 1:25-cv-00168, and *Chamber of Commerce of the United States of America, et al. v. Letitia James, et al.*, No. 1:25-cv-01307, 2026 WL 2568355 (N.D.N.Y. Aug. 31, 2026), New York's attempt to impose strict liability for emissions damages based on fossil fuel corporations' share of global greenhouse gas emissions involves a completely different preemption analysis than Minnesota's claims that the Fossil Fuel Defendants used deceptive marketing to mislead consumers. *See* Defs.' Opp. to Pls.' Mot. for Preliminary Injunction ("PI Opp."), ECF No. 41 at 21–23. Indeed, Minnesota's State Action does not attempt to regulate emissions conduct at all.

The *New York* Court's conclusions that the United States had standing and that the New York law was preempted were predicated on the emissions-regulating nature of the New York Climate Act and rooted in the Second Circuit's binding precedent in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021). *See* Ex. A at 18, 21. To reiterate, multiple courts, including this one (via Judge Tunheim), have already rejected such characterization of Minnesota's claims. PI Opp. at 21. The *New York* Court's analysis does not apply to Minnesota's state-court lawsuit, which seeks to impose liability only for deception-based injuries in Minnesota, and which also names only U.S. companies doing business in Minnesota. Moreover, the United States' theory of standing here

The Office of
Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

depends on a chain of contingencies—all involving speculation about what final judgment might someday be entered in the State Action and hypothetical responses to such judgment—that put this case on different footing than *New York*, where the challenged statute was on the books and imposed certain, massive (totaling $75 billion), and immediate liabilities on fossil fuel companies.

Second, the United States also supplied the Court with *People of the State of Michigan v. BP, P.L.C., et al.*, No. 1:26-cv-254, Dkt. 46 (W.D. Mich. Sept. 22, 2026) (Ex. B), a case where Michigan brought antitrust claims alleging that fossil fuel companies conspired to suppress renewable energy resources. That antitrust case sounds in a completely different legal realm than Minnesota's deceptive-marketing case, and although the United States raised similar preemption arguments to contest Michigan's state-law claim as it does here, the court did not reach them, and instead dismissed Michigan's suit for lack of antitrust standing. To the extent the case could be relevant, it only underscores that the United States cannot establish standing by relying on "vaguely defined links" between alleged conduct and market harms. Ex. B at 19 (cleaned up).

Indeed, any alleged harm to the United States remains further removed given the state court's decision to grant the Fossil Fuel Defendants' request to stay all proceedings in the State Action until the Supreme Court resolves *Suncor Energy Inc. v. County Commissioners of Boulder*, No. 25-170 (U.S.). Order, *Minnesota v. Am. Petroleum Inst.*, No. 62-CV-20-3837 (Minn. Dist. Ct. Sept. 28, 2026). That stay, standing alone, is fatal to the United States' pending request for a preliminary injunction under the United States' own theory of the case. The United States attempted to justify its nearly six-year filing delay by asserting that it was not actively harmed while trial proceedings in the State Action were stayed pending appeal. According to the United States, "Due to [that] stay, Minnesota could not actively regulate greenhouse gas emissions. Nor could it try to override the policy choices made by the federal government, interfere with the United States' administration of federal law or conduct in foreign affairs, or impose billions of dollars in indefinite liability." U.S. Opp. to Mot. to Dismiss at 12 (quotations and citations omitted), ECF No. 40; U.S. Mot. for Preliminary Injunction at 7 (same), ECF No. 11. The United States thus concedes that it suffers no harm—and certainly no imminent and irreparable harm—while the State Action is stayed. In addition to all the reasons Minnesota has already explained, that concession independently requires denying a preliminary injunction now that the State Action is again stayed.

Respectfully Submitted,

/s/ *Ryan Pesch*
RYAN PESCH
Special Assistant Attorney General