**U.S. Department of Justice**

950 Pennsylvania Ave, NW
Washington, DC 20530

(202) 514-2000
John.Adams5@usdoj.gov

VIA CM/ECF October 7, 2026

Hon. Susan Richard Nelson
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re: Response to Argument in Minnesota's October 5, 2026 Letter

Dear Judge Nelson:

The United States respectfully responds to new argument made by Minnesota in its response to a notice of supplemental authority. *See* Dkt. 67 (Ltr.). In its response letter, Minnesota informs this Court that the state court granted a stay in the state litigation until the Supreme Court resolves *Suncor Energy Inc. v. County Commissioners of Boulder*, No. 25-170 (U.S.). *See* Ltr. at 2. Minnesota contends that this stay "is fatal to the United States' pending request for a preliminary injunction." *Id*. Minnesota is wrong.

As an initial matter, "standing is assessed 'at the time the action commences.'" *McNaught v. Nolen*, 76 F.4th 764, 769 (8th Cir. 2023). There was no stay when this action commenced in May 2026. Minnesota thus errs when it argues that the United States "suffers no harm" since the state court recently stayed its attempt to regulate global greenhouse gas emissions. Ltr. at 2.

More fundamentally, Minnesota misconstrues the United States' position. The United States explained that, due to a prior stay in state court as Minnesota's actions faced appellate review, there was not much for the United States to do since there was "a significant prospect [of Minnesota's state lawsuit] being dismissed on appeal." Dkt. 11 at 35; *see also* Dkt. 40 at 12 ("After all, the state appellate or supreme court could have issued an order resulting in dismissal of Minnesota's lawsuit."). Given that the United States is facing dozens of similar actions that injure it, the United States exercised its prosecutorial discretion to prioritize other unlawful actions by States. *See* Dkt. 11 at 35–36; *see also* Dkt. 49 at 9 (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)). In other words, because the United States would have obtained relief if Minnesota's lawsuit were dismissed on appeal, the United States prioritized

other actions. Minnesota misapprehends all this in arguing that the United States "concedes that it suffers no harm—and certainly no imminent and irreparable harm—while" its actions to regulate global greenhouse gas emissions in state court were stayed. Ltr. at 2. The United States has never conceded, let alone hinted at, such a thing. To the contrary, the United States maintains that it suffers irreparable harm absent an injunction. *See* Dkt. 11 at 32–34; Dkt. 49 at 9–14.

And a recent stay of proceedings in state court changes nothing. A stay does not weaken the undisputed "per se irreparable harm" the United States suffers "when States attempt to usurp exclusive federal authority and enforce preempted laws." Dkt. 11 at 32–33 (collecting cases). Nor does a stay allow the United States to "enforce its duly enacted" sovereign responsibilities without interference, such as its ability to administer the Clean Air Act or conduct foreign affairs. *Id.*; *see also* Dkt. 49 at 9–14. For example, a stay does not change the fact that Minnesota is "taking a different tack from the United States on global climate change, . . . hamper[ing] 'the President's capacity' for 'effective diplomacy' and 'compromis[ing]' his ability 'to speak for the Nation with one voice in dealing with other governments.'" *Id.* at 7 (citing *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363 (2000)); *accord* Landau Decls.

Moreover, while Minnesota rehashes its argument about an alleged "six-year filing delay," Ltr. at 2, it acknowledged at oral argument that the United States can sue years later "to protect its sovereign interests." 7/23/2026 Tr. at 78:4–7 ("Minnesota is not asserting that the United States cannot bring actions based on the delay to protect its sovereign interests but merely that the irreparable harm it alleges lacks merit."); *see also* Dkt. 49 at 9–10 (explaining why there is no delay); *United States v. City of Jackson, Miss.*, 318 F.2d 1 (5th Cir. 1963) (granting injunction to redress longstanding discrimination).

***

The United States moved for a preliminary injunction on May 11, 2026. *See* Dkt. 9. The United States respectfully requests that this Court grant its pending motion.

Respectfully submitted,

/s/ John Adams
John K Adams
Associate Deputy Attorney General
United States Department of Justice